Lane, C. J.
The right of dower is not now contested, but objections are made to the form of the decree in three points:
1. The right of damages in dower.
At common law, dower was recoverable .in a real action, in which damages made no part of the judgment. The statute of Merton gave damages to the dowress, in certain cases, and since then, until lately, in England, both at law and in chancery, the profits in arrears, from the husband’s death, are given under this name. Such is the law in New York. But as the right of dower *23 is inchoate and completed only by assignment, the damages for arrears of rent accruing before the title is mature, depend upon the statute.
Our first statute of dower, 1795 (Chase’s L. 187, sec. 2), gives “reasonable damages.” The second statute, 1803 (Chase’s L. 395), is silent as to damages, but gives “reasonable support ” out of the husband’s estate. The third, 1814 (Chase’s L. 472, sec. 11), restores the right of “reasonable damages.” The next law, 1824 (Chase’s L. 1315), is silent as to damages, and the same continues to the present time.
If we possessed the power of legislation, we believe the right to damages ought to be maintained, for it is the provision designed by law for her maintenance. 2 Brown. C. C. 682. But we can not supply an omission which we believe accidental. In this point the decree is erroneous.
23] *The next objection is, that a gross sum of $110 is given annually, and charged on the rents, instead of giving one-third the rents themselves.
We believe, that when dower is assigned in a special manner, it would be most convenient to all parties, to ascertain the gross value of the dower estate, derived by a computation of the value of the estate, and the risk of life of the dowress, and directing payment, by which the estate of the dowress is determined. For then the amount of the incumbrance is ascertained at once, and both the dowress and the tenant are relieved from the risk of much unpleasant collision. But the statute authorizes a different adjustment in a “special manner,” leaving the details to the discretion of the court, and where no palpable injustice is done, we should not disturb it.
The decree ought to have given full costs to the petitioner. The act of 1831 (29 Ohio L. 216, sec. 31) requires one-third of the costs to be paid by the petitioner, and two-thirds by the owner of the inheritance.
Decree reversed.†

In Pennsylvania, the widow is entitled to damages from the tenant of the freehold for the time being, to be estimated from the time of the death of the husband, where he died seized, although the defendant may have been tenant but a short part of the time. Thus, where the husband died in 1800, and his son entered and in 1816 sold to one Deever, who, in 1818, sold to Alexander Seaton, who continued in possession till 1822, when he died, having *24, 25 devised tbe lands to Thomas Seaton, who entered and remained in possession till his death, in 1831, when James Seaton, the present tenant in fee, entered_ the widow was permitted to reeover from James Seaton, the present tenant of the freehold, the entire damages from the death of the husband in 1800. Seaton v. Jamison, 7 Watts, 533.
It is said by the same court, in Shirtz v. Shirtz, 5 Watts, 255, “that it is the duty of the sheriff, in conjunction with the inquest which he shall call to his aid in the execution of the writ of seizin, to lay off by metes and bounds one-third part of the premises mentioned therein, according to their value at *26 the time of doing so, leaving out of the estimate merely the value of the improvements made thereon, if any, since the time of the alienation by the husband. If the rule -which ought to govern the sheriff and the inquest, in the execution of the writ of seizin, should happen to be misapprehended, or not observed by them, the court, on the writ’s being returned by the sheriff, at the instance of the party aggrieved, has it fully in its power to grant such relief as shall be necessary in order to do complete justice between the parties, and to obtain a due execution of the writ by giving to the demandant what is her just right, and no more.”