BENJAMIN DODGE, Administrator, &c.

*vs.*

THE NORTHWESTERN UNION PACKET CO.

Whether a defendant corporation has a right to remove a case from the State Courts into the Circuit Court of the United States, under *Chap.* 196 of the laws passed at the second session of the 39th Congress (14 *U. S. Statutes at Large*, 559,) *quaere.*

An affidavit of the secretary of such corporation, stating that it—the corporation—believes the facts to which the law requires the *party* to swear without showing that such affidavit is made at the instance, or by the order of the corporation, is not a compliance with the statute.

Dodge v. The Northwestern Union Packet Co.

. This action was commenced in the District Court for Fillmore county. The defendant applied for its removal to the U. S. Circuit Court. The application was based upon the affidavit of the secretary of the company stating, that " it, the defendant, believes," &c., setting out the matters required in affidavits for such removals by the Act of Congress of March 2, 1867. The application was denied, and the defendant then applied to this Court for a writ of prohibition restraining further proceedings in the action in the Court below, and the hearing here is upon the order to show cause contained in the alternative writ issued upon such application.

C. G. RIPLEY and SMITH & GILMAN for Plaintiff.

ALLIS, GILFILLAN & WILLIAMS for Defendant.

*By the Court.*—WILSON, Ch. J.—This action having been commenced in the District Court of Fillmore county, the defendant applied, under *Chap.* 196 of the laws passed at the second session of the 39th Congress, (14 *Statutes at Large*, 559) for its removal into the Circuit Court of the U. S. The application was denied, and the defendant applied to this Court for a writ of prohibition. On the return of an alternative writ, which was allowed, two questions were raised by the counsel for the plaintiff.

1st. Whether a corporation is entitled to the benefit of this act.

2d. Whether the defendant made the affidavit required ? The language of the act referred to is—" That where a suit is now pending or may hereafter be brought in any State Court, in which there is a controversy between a citizen of the State in which the suit is brought, and a citizen of another State, *   *   * such citizen of another State, whether he be plaintiff or defendant, if he will make and file in such State Court,

an affidavit stating that he has reason to, and does believe, that from prejudice, or local influence, he will not be able to obtain justice in such State Court, may " file a petition for a removal, &c. Although it is held that a corporation is constructively a citizen of the State by virtue of whose legislation it exists, (*Insurance Co. vs. Richie*, 5 *Wallace*, 54; *Marshall vs. Balt. & O. R. R.*, 16 *How.*, 314; *Lafayette Ins. Co. vs. French*, 18 *How.*, 404. See also, *Shelby vs. Hoffman*, 7 *Ohio State*, 450,) yet the language of the act, at least, raises a doubt as to whether it was the intention of Congress to extend the remedy to such artificial beings. It will be observed that an affidavit, which in the nature of things a corporation could not make, is to be made by the party to the suit applying for the removal. Nor is it very apparent how the officers of the corporation, or any other person, could make the affidavit required, for even if a *belief* of such facts could properly be predicated of a corporation, it is difficult to perceive how any person could acquire such certain knowledge of the facts, as to enable him positively or intelligently to swear that it so " believes." But admitting that this provision was intended for the benefit of bodies corporate, I think the affidavit is not in compliance with the law.

If it is admitted that a corporation is entitled to avail itself of the benefit of the statute, it follows that any act required of it may be done by one of its officers, for it can only act through its officers. But the act of the officer, to be the act of the corporation, must be within the scope of his authority.

The question then is whether, in the absence of allegation or proof of authority, (there is neither in this case,) we are at liberty to presume that the defendant authorized the making of this affidavit. I think the question must be answered in the negative, for I believe as a matter of fact, this

is not ordinarily one of the powers or duties of the secretary.

At any rate, if he has such powers, it is a matter of proof. In the absence of proof, we have no right to presume that the affidavit was not made on his own motion—if on his own motion, by no latitude of construction can it be considered the act of the corporation. If it is not constructively, at least, its act, it is not a compliance with the law, and cannot deprive the State Courts of jurisdiction, or confer jurisdiction in the Circuit Court of the U. S.. Upon a question like this, nothing should be left to intendment or inference. The defendant should make it clearly appear that the law authorizing the change has been complied with. If it is found that the difficulties in the way of a strict compliance with the law by a corporation are almost insuperable, this only goes to prove that the remedy given was not intended for the benefit of such corporate bodies. This application for a removal was, I think, for these reasons properly denied.

Whether if the application was improperly denied, the defendant's remedy is by writ of prohibition, we do not consider.

McMillan, J.—I do not think the act embraces corporations, and on this ground concur in the conclusion of the Chief Justice.

Beerry, J.—I dissent.