HENRY SHAFT, Administrator, etc., Respondent, *v.* THE PHŒNIX MUTUAL LIFE INSURANCE COMPANY, Appellant.

A defendant may raise by answer the question of a loss of jurisdiction by a State court, by reason of proceedings taken under the laws of the United States for a removal of the cause to the federal courts; and upon proof of proceedings, taken regularly and in strict accordance with said laws, he is entitled to judgment adjudging all subsequent proceedings in the State court void.

By the proceedings for removal, the State court is, *ipso facto,* ousted of jurisdiction, whether an order of removal has been granted or denied by it.

Where process for the commencement of an action in a State court against a foreign insurance corporation, doing business in the State, has been served upon it in the manner prescribed by the insurance laws of the State, and the attorney who appears for it in the State court, at the time of entering an appearance, files a petition and moves for a removal of the cause, the defendant is bound by the acts of the attorney, and the petition and filing are its acts.

A verification of the petition by the general and managing agent of the corporation in this State is sufficient; and averments in the verifying affidavits may be relied upon to show that the affiant has authority and means of knowledge.

An affidavit verifying the petition, procured and presented by the attorney for the defendant, and made by one who, having official relations with it, has means of knowledge, is a sufficient verification.

As to whether, under the statutes of the United States (R. S., U. S., 113, § 639), the verification of a petition for the removal of an action against a citizen of another State is requisite, *quære.*

*Shaft* v. *Phœnix Mutual Life Insurance Company* (8 Hun, 632) reversed, but upon points not discussed below.

(Argued December 8, 1876; decided December 19, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department in favor of plaintiff, entered upon an order denying a motion for a new trial, and directing judgment on a verdict.

This was an action upon a policy of insurance issued by defendant upon the life of William E. Shaft, plaintiff's intestate.

The defendant set up in its answer, among other things, that the action was commenced by the service of a summons upon Martin V. B. Bull, the person appointed by defendant, under and in pursuance of the insurance laws of this State, as its agent or attorney, upon whom all process against it might be served, and who was its general managing agent in this State; that defendant was, at the time of the commencement of the action, a citizen of Connecticut; that the matter in dispute exceeded $500; that, at the time of entering defendant's appearance herein, a petition was filed, setting forth the above facts, for the removal of the cause into the Circuit Court of the United States, and defendant gave the security required by the United States statutes and the practice in such cases; that notice of a motion that the prayer of the petition be granted was duly served and motion made at Special Term; and defendant claimed that the Supreme Court had lost jurisdiction, and that the cause was removed into the Circuit Court.

The alleged petition was produced on the trial, signed by the attorney for defendant herein, and verified by the affidavit of said Bull, who, in his affidavit, stated that he was defendant's general and managing agent. It appeared that all the steps required by the United States statutes for the removal of the cause (R. S. of U. S., 113, § 639) were complied with; that the motion to remove was denied on the ground that it did not appear that the person making the application was authorized so to do. The order denying motion was affirmed by the General Term on appeal.

The court directed a verdict for the defendant. Exceptions were ordered to be heard at first instance at General Term.

*Samuel Hand* for the appellant. The Supreme Court lost jurisdiction by defendant's proceedings for removal to the United States Circuit Court. (*Ayers* v. *West. R. R. Co.*, 45 N. Y., 260; *Stevens* v. *Ins. Co.*, 41 id., 149.) The petition and proceedings for removal were regular and in conformity with the statute. (U. S. Stat. at Large, 79, § 12; Tomlin's Law Dict., "Petition.") The petition was properly verified. (*Bell* v. *Lycoming Ins. Co.*, 3 Hun, 409; *Vandevoort* v. *Palmer*, 4 Duer, 677; *Brewster* v. *Mich. Cent. R. R. Co.*, 5 Hun, 183; *Crawford* v. *Collins*, 45 Barb., 269.) The agent had authority to verify the petition. (*Bell* v. *Ins. Co.*, 3 Hun, 409; *Vandevoort* v. *Palmer*, 4 Duer, 677; *Glaubenskee* v. *Ham. Packet Co.*, 9 Abb., 144; Code, § 134; Laws 1855, chap. 279.)

*A. M. Beardsley* for the respondent. The motion to remove the cause to the United States Circuit Court was properly denied. (*Livingstone* v. *Gibbons*, 4 J. Ch., 94; *Redmond* v. *Russell*, 12 J. R., 153; *Cooley* v. *Lawrence*, 12 How. Pr., 176; *Chatham Nat. Bk.* v. *Mer. Bk.*, 4 N. Y. S. C., 200.) The agent who made and verified the petition had no authority to do so. (1 Wait's Pr., 270; Code, § 157; *Dodge* v. *N. W. Packet Co.*, 13 Min., 455; *Fish* v. *Un. Pac. R. R. Co.*, 10 Abb. [N. S.], 475.)

FOLGER, J. A defendant may raise, by answer, the question of a loss of jurisdicton by a State court, by reason of proceedings taken under the laws of the United States, for a removal of the cause to the federal courts. (*Ayres* v. *West. R. R. Co.*, 45 N. Y., 260.) If the proceedings are regular, and strictly in accordance with the acts of congress, the State court is *ipso facto* ousted of jurisdiction; and whether the order of removal is granted or denied by the State court, all further proceedings therein are *coram non judice* and void. (*Stevens* v. *Phœnix Ins. Co.*, 41 N. Y., 149.) It follows that under an answer alleging the facts, the defendant may make proof of them at the trial, and ask for the fitting judgment.

The defendant, in the case at hand, is a citizen of the State of Connecticut, within the meaning of the acts of congress (id.); the plaintiff is a citizen of this State; the amount in dispute exceeds the value of $500, exclusive of costs; the proceedings taken by the defendant were strictly within the laws of Congress (Rev. Stat., U. S., p. 113, § 639), if the paper filed was a petition within the meaning of that law, and if it is to be held as having been filed by the defendant and properly verified.

I think that there is no doubt that it, and the filing of it, were the acts of the defendant. It appears that the process by which this action was commenced, had been served upon the defendant, as prescribed by the statute of this State, so as to bring it into court, and to give jurisdiction in the first instance. (*Gibbs* v. *Queen Ins. Co.*, 63 N. Y., 114.) At the time of filing the paper, the defendant also entered its appearance, by attorneys, in the State court. They, as an official act for their client, filed and presented this paper, and moved upon it in behalf of their client, for a removal of the cause. By that action the defendant was bound. It could not disavow or repudiate it to the harm or inconvenience of the plaintiff. Then it was the petition of the defendant, and the filing of it the act of the defendant.

Next: Whether the petition should have been verified to meet the requirement of the act of Congress? It is that act which gives the right of removal, and the requirements of it cannot be added to or varied by the laws of a State, or by the rules and practice of a State court. Now, the act above cited does not in terms require a verification of the petition. Its language is, that the suit may be removed on the petition of the defendant. A petition, in common phrase, is a request in writing; and in legal language, describes an application to a court in writing, in contradistinction to a motion, which may be made *viva voce*. (*Bergen* v. *Jones*, 4 Metc., 371; 2 Daniell's Ch. Pr., pp. 1587, 1683.) There is nothing in the thing itself, nor in the naming of it by its name alone in a statute, which demands that it should be verified. Doubtless,

the general practice is, to verify a petition, (2 Bouvier's Law Dic., *in voce*, p. 329 ; Conkling's Treatise, 300,) though often this is required by the standing rules of courts, rather than by the force of the term itself, or the exigency of the statute. (1 Barb. Chy. Pr., 580 [old ed.].) It is not clear that it was the intention of Congress, by the act referred to, to require that the petition should be verified. For in the same code of laws (§ 639, sub. 3), Congress has provided for the removal of a cause under a different state of facts, upon the filing of a petition, and added a requisition in terms that there shall be made and filed an affidavit. So in section 640 of the same code, declaring another cause of removal, it demands that the petition be verified. So it is by sections 641, 643. The imposition of different requirements is to be inferred from the use of different language.

If it was needful to put our decision upon this point, we should hesitate to say that it was a requisition of the federal law that the petition should be verified. And in this view we are strengthened by a decision of a United States District Court (*Sweeney* v. *Coffin*, 1 Dillon, 73) ; where it is expressly held that the petition in such a case need not be verified. In *Ogden* v. *Baker* (1 Green, N. J., 75) the court, on the opening of the motion, called for an affidavit, and put off the hearing until one was produced. But in that case, and in the cases there cited, it was not held that an affidavit was an essential prerequisite, the lack of which would, *per se*, defeat the application. The case of *Dodge* v. *N. W. Packet Company* (13 Minn., 458) cannot be taken as a decision upon this point. The case was decided by a bench of three. One dissented from the judgment *in toto*. One concurred in the judgment, solely on the ground that a corporation was not capable of availing itself of the right given by the act, in which he was in conflict with 41 New York (*supra*). The third put the decision on the ground last named, and also upon the ground that a secretary of the defendant, by whom the verification to the petition was made, was without the scope of his authority in making it. It is plain that there was no adjudication of this point.

But it is not needed that we rest our decision upon this point. There is, at the foot of the petition, in this case, an affidavit, duly certified by an authorized officer to have been made before him. This affidavit, in proper form of words, affirms the truth of the contents of the petition. This affidavit was presented to the court, and filed, by the attorneys for the defendant. It is, thereby, the act of the defendant. The defendant offers to the court that affidavit as true. The affidavit itself is, in form and substance, sufficient. It is made by the general and managing agent of defendant, and that fact is averred in it. Now, is there any thing in a general requisition of a verification to a petition, that demands that it shall be made by the petitioner in person, and will not suffer it to be made by any one having the knowledge or information to make it truthfully? There is certainly nothing in the act of Congress. There is nothing in the nature of things. The defendant is a corporation. It must act through natural persons, in incidental services like that in question. It would be indefensible, to preclude a corporation from the benefits of this act of Congress, by insisting on an affidavit from itself, which cannot be made, or by denying its petition because none was made by it. It may be made, then, by a person acting in this respect under the authority of the corporation, and possessed of the needed knowledge or information to make it according to law. The averments of the affidavit are to be relied upon, to show that the affiant had authority and the means of knowledge. This affiant swears that he is the general and managing agent of the petitioner. This is proof, *pro hac vice*, that he had the means of knowledge of the material facts stated in the petition. It goes far, indeed, to show that he had the authority to make the affidavit. But the affidavit is produced, and formally procured by the attorneys on the record, of the defendant, acting authoritatively for it. Had one of them made an affidavit with like averments, it would have been sufficient. (*Newton Bk.* v. *Haverstick*, 6 Halstead, 171.) How does it differ, that empowered by the defendant to act for it in the courts, and to take any and all proceedings,

in professional judgment best for the interest of the defendant, and thus acting, the attorneys procure a sufficient affidavit from another person, who, having close official business relations with the defendant, has means of knowledge, and that then the attorneys use it in the behalf of the defendant? An attorney at law, having appeared for a corporation, has authority to conduct the whole case. (*Faviell* v. *East. Co. R. W. Co.*, 2 W., H. & G., 343–351.) He has authority to obtain the incidental affidavits needed in conducting the case, and having so done and used them before a court, there is impressed upon them the sanction and authority of the corporation whom he represents.

We think that this petition was well verified; that it made a case for the defendant under the act of Congress; that the cause was, by the proceedings taken, in law removed from the jurisdiction of the Supreme Court of this State. (*Vandevoort* v. *Palmer*, 4 Duer, 677.) The case of *Kirkpatrick* v. *Hopkins* (2 Miles, 277) does not apply here, even if correctly decided. That case held that the defendant, who was a natural person, could not move on a petition signed by his attorney at law; but here the defendant, a corporation, must sign by agent, which 4 Duer (*supra*) holds to be good, even where the defendant is a natural person.

The Supreme Court having lost jurisdiction, all the subsequent proceedings before it were *coram non judice* and void, and the judgment rendered must be reversed.

All concur, except Church, Ch. J., not voting.

Judgment reversed.