BANK (COMMERCIAL NATIONAL OF CHARLOTTE) v. HUTCH-
ISON & HUTCHISON.

*Verification of Pleadings—Corporations.*

A verification to a complaint made by an officer of a corporation, need not set forth "his knowledge or the grounds of his belief on the subject, and the reasons why it was not made by the party." A corporation acts only through its officers and agents, and such verification is the verification of the corporation itself.

(*Alspaugh* v. *Winstead*, 79 N. C., 526, cited and approved.)

CIVIL ACTION tried at Fall Term, 1882, of MECKLENBURG Superior Court, before *Graves, J.*

. The only question presented in this case is as to the sufficiency of the verification of the complaint. It is as follows:. " R. M. White maketh oath that the plaintiff is a corpora-

tion duly organized under the laws of the United States; that he is an officer thereof, to-wit, the president; and that the facts herein set forth of his own knowledge are true, those otherwise stated he believes to be true." (Signed by R. M. White, and sworn to and subscribed before the clerk on the 31st of August, 1882.)

The defendant, D. P. Hutchison, filed an unverified answer, and at fall term, 1882, the plaintiff moved for judgment upon the complaint, as for want of an answer, which the court granted; and therefore the defendants excepted, insisting that the verification of the complaint was not in compliance with section 117 of the Code, and so dispensed with a verification of the answer.

*Messrs. Bynum & Grier,* for plaintiff.
*Messrs. Burwell & Walker* and *Wilson & Son,* for defendants.

RUFFIN, J. In *Alspaugh* v. *Winstead,* 79 N. C., 526, the form of the verification used was almost identical with that made use of in this case. No substantial difference can be perceived between the two. And in matters so purely technical, the court will not be astute in looking for distinctions. That then is an authority for sustaining the ruling in the court below, provided the complaint and verification had been the party's own.

But it is further objected here, that the verification is by an officer of the plaintiff company, and that it should go further and set forth "his knowledge or the grounds of his belief on the subject, and the reasons why it was not made by the party," as required by section 117 of the Code.

The answer to this is, that the statute imposes no such condition upon those who verify as the officers of a corporation. It is only agents and attorneys that are required, when swearing to the pleadings for their principals or clients,

to disclose their knowledge and its sources, and explain why the verification is not made by the party in person.

A corporation can take no oath, and can therefore make no verification; and it would be idle for its officer to explain why it has not done so. It can act only through its officers and other agents, and it is only by a fiction, because of their actual knowledge, that it can be said to know anything. When such an officer swears that he has knowledge of the facts set forth in the complaint and that they are truly stated therein, he has done all, it would seem, that can be done, and certainly all that need to be done.

The provisions of the New York Code in regard to this matter are the same with ours, and it is there held that the verification of pleadings by an officer of a corporation is the verification of the corporation itself, and need not state the defendant's grounds of belief or sources of information. 1 Whit. Prac., 604, and cases cited; Vorhees Code, 311.

To require any verification at all to the answer of a corporation, is a great advance upon the practice of courts of equity, where it was well settled that a corporation aggregate made its answer, not as in common cases under oath, but under its common seal. Angell & Ames on Corp., § 665.

No error.                                             Affirmed.