Minshall, J.
The question we shall consider in this case arises upon the petition and a demurrer thereto. The petition by sufficient averment states a cause of action against the defendant for the recovery of damages by the administrator of Charles B. Fulton for wrongfully causing his death on the thirteenth day of January, 1889. The suit was commenced January 19, 1894; and, as it thus appeared that the action had not been commenced within two years as prescribed by the statute giving the right, sections 6134 and 6135 Revised Statutes, the plaintiff to obviate this, *576 further averred, that on July 7, 1891, he, as such administrator “commenced a civil action in this court, against defendant for the benefit of said parents and brothers and sisters for causing the death of said Charles B. Fulton, as aforesaid by the wrongful act, neglect and default of defendant heretofore explained, the cause of action herein being identical with that set forth in this petition. Such proceedings were had in said action that on August 3, 1891, in pursuance of the statute of the United States providing for the removal of causes from the state to federal courts, the defendant filed in this court a petition and bond for the removal of said cause into the circuit court of the United States in and for the southern district of Ohio, eastern division, in which last named court said cause was so removed and filed, and remained pending until the sixth 'day of December, 1893. The plaintiff failed therein, otherwise than upon the merits by the same being disposed of by said court as follows, to-wit: Said court dismissed said cause “under the fifth rule of said court, said rule providing that cases which have been upon the docket for three general terms shall be stricken therefrom unless good cause be shown to the contrary.”
The defendant demurred on the ground that the petition does not state sufficient facts to constitute a cause of action, and that it is insufficient in law. This was overruled and the defendant excepted.
A number of errors are assigned upon the record, but as indicated, the only one we shall consider relates to the sufficiency of the petition to entitle the plaintiff to relief on the facts stated in it. This in fact presents two questions. (1.) Whether the limitation of two years is a part of *577 the right of action, or is merely a limitation of the remedy, so that if the plaintiff failed in the circuit court otherwise than on the merits, he might under section 4991, Revised Statutes, recommence the suit within a year thereafter, although the limitation of two years for bringing the action had then expired. And (2.) Whether, the cause having been duly removed to the federal court the plaintiff could, after it had been disposed of in that court, otherwise than on the merits, again, for any purpose, resort to the state court for relief on the same cause of action, whether the limitation of two years had or had not expired.
1. Much can be said in favor of the proposition that the provisions of section 4991, Revised Statutes, do not apply toa case of this kind. For whilst it may be admitted that the plaintiff failed in the circuit court otherwise than on the merits, still there is much reason and authority for saying that the limitation of two years, fixed for bringing an action, for causing death by wrongful act, is a part of the right of action itself, and not merely a limitation of the remedy, and that the action cannot therefore in any case be brought after the time limited has expired. Hill v. New Haven, 37 Vt. 501; Taylor v. Iron & Coal Co., 94 N. C., 525; Cavanagh v. Steam Navigation Co., 13 N. Y., Supp., 540; Hanna v. Railroad Co., 32 Ind., 113; Railway Co. v. Hine, 25 Ohio St., 629, 634; as apparently contra, see Meisse v. McCoy, Admr., 17 Ohio St., 225, though the point was not there made. But as we do not dispose of the case on this ground, no further consideration will be given it.
2. The case as originally commenced had been properly removed to the United States circuit court of the district in which it was broug’ht; the *578 cause of action therein being, as averred, identical with the cause of action now sued on ; and it had there been disposed of, not it is true on the merits, but -had been dismissed for want of prosecution under a rule of the court.
It has been repeatedly decided that where a case has been properly removed from a state to a federal court, the jurisdiction of the former over the case immediately ceases, and it is its duty, in the language of the statute, to proceed no further in the cause — -its jurisdiction in that case ends with the removal. Any steps thereafter taken are said to be coram non judice and void. Kanouse v. Martin, 15 How., 198; Fisk v. Railroad Co., 6 Blatch, 362, 380; Hatch v. Railroad Co., id., 105; Clark v. Railway Co., 11 Fed. Rep., 355; Manufacturing Co. v. national Bank, 10 Fed. Rep., 204; Shaft v. Life Insurance Co., 67 N. Y., 544; Gordon v. Longest, 16 Pet.; 97; Desty, Removal of Causes, section 108a, 108c; Dillon, Removal of Causes, section 75a; Kern v. Huidekoper, 103 U. S., 485; Insurance Co. v. Dunn, 19 Wal., 214; Hadley v. Dunlap, 10 Ohio St., 18; Herryford v. Insurance Co., 42 Mo., 148.
We fail to perceive any good reason for holding that this- only applies so long as' the suit removed is pending, and that if the case should be dismissed by the federal court for any reason, other than on the merits, it loses the jurisdiction 'acquired by the removal, and the plaintiff is at liberty to recommence the action in the state court, where, under like circumstances, he might have done so, had the cause not been removed.
The reason of the statute should be kept in view in giving it a construction. It is remedial and must be construed liberally. Insurance Co. v. Dunn, 19 Wal., 214, 224. The constitution of the *579 United States contains, it is true; no direct provision authorizing the removal of a ease by a defendant to a federal court. It, however,, does authorize a plaintiff in a “controversy” between himself and a citizen of another state, to bring the suit in a federal court; and congress, acting upon the reasonable presumption, that the same reason applies where a defendant is sued out of the jurisdiction of the courts of his own state, has given the defendant the right to remove the cause to a federal court: The validity of the various acts of congress authorizing the removal of a cause, though once questioned, is now well settled. The policy of the provision authorizing a removal on the ground of a diversity of citizenship, is based upon the recognized fact, that litigation between citizens of .different states, must be more or less affected, by local influences, and, therefore, in the interest of fair and impartial justice, the right is conferred on a defendant, sued out of the jurisdiction of the courts of his own state, to remove the cause, in analogy to the provision of the constitution conferring the right on a citizen of one state to sue a citizen of another state in a federal court. Thus the spirit and policy of the statute authorizing a removal on the ground of a diversity of citizenship; applies as well to any renewal of the action, after it has been disposed in the federal court, as to the period of its pendency. The federal court having acquired jurisdiction of the action by its removal from the state court, must, on principle and the reason of the statute, retain it for all purposes — • for the purpose of determining whether it should be reinstated, or recommenced, after it has been dismissed by it, or stricken from its docket, as well as for its determination on the merits. Its jurisdic *580 tion in such case does not merely embrace the suit brought and removed, but any suit thereafter brought on the identical cause of action, after the former suit has been dismissed by it; until the cause of action has been extinguished by a judgment on the merits, the cause of action, the “controversy” between the parties, remains subject to the jurisdiction of the federal court, and is forever excluded from that of the court from which it was removed, unless remanded with the consent of the defendant; and there are cases which make this a doubtful proposition, where the cause is a removable one.
No one would claim that after the ease has been ■stricken from its docket by the federal court, the state court could determine whether it should be reinstated; and, by a parity of reasoning, the state court cannot pass on the right of the «plaintiff to recommence the action after it has been dismissed by the federal court. In either of these cases the question can only be determined by the court that had full and exclusive jurisdiction of the case at the time. And if there be any remedial rule, statutory or otherwise, by which a case that has •been dismissed for failure to prosecute, after the time fixed by the statute of limitations has expired, the remedy must be sought in that court. It is properly a step, or proceeding, in the same case. If this were not so, it would not only open the way to a violation of the policy of the statute authorizing removals, but be productive of a very inconvenient practice, and much abuse. It would enable a party to permit his case to be dismissed by failing to prosecute in the federal court, with the purpose of recommencing it in the state court, and thus compel the defendant to be at the trouble *581 and expense of again causing it to be removed, or submit to the jurisdiction of the state court.
The view we have taken finds support in the well considered case of Cox v. Railroad Co., 68 Ga., 446. It is there held that “where a case has been removed from a state court to the circuit court of the United States, the jurisdiction of the former ceases, and, after non-suit in the federal court, the case cannot be renewed in the state court within six months so as to avoid the statute of limitation.” Such right is given by statute on a non-suit in the courts of that state. A non-suit not being a decision on the merits.
Referring to the statute, which reads as follows: “If a plaintiff: shall be non-suited, or shall discontinue or dismiss his case, and shall recommence within six months, such renewed case shall stand upon the same footing as to limitation with the original case,” the court said. “To be thus renewed it must be the same case as to cause of action and parties; and this is identically the same case in both respects. So that the question is, can a case which has been removed to the United States circuit court be renewed in the same court. We think not, because the act of removal ipso facto transfer the jurisdiction of the cause to the circuit court of the United States, and divests that of the state court. ” Citing Kern v. Huidekoper, 13 Otto, 485.
In the case before us the plaintiff averred that the cause of action in the case removed, was identical with the cause of action in his present petition. If it had not been, he could not have, been within the provisions of section 4991 Revised Statutes under favor of which he claimed the right to recommence his action in the state court.

Judgment reversed and petition below dismissed.