## In re ROCK SPRING WATER CO.
### No. 8367.

Circuit Court of Appeals, Third Circuit.
Argued Nov. 2, 1943.
Decided Jan. 25, 1944.

Andrew B. Crummy, of Newark, N.J., for appellant.

Milton H. Goldberger, of Newark, N. J. (Joel Gross, of Newark, N. J., on the brief), for William H. Osborne, Jr., Trustee in Bankruptcy, appellee.

Before BIGGS, GOODRICH, and McLAUGHLIN, Circuit Judges.

BIGGS, Circuit Judge.

The question presented by the appeal at bar is whether a chattel mortgage executed and delivered on February 19, 1942 by the bankrupt, Rock Spring Water Co., to the appellant, Louis J. Singer, is valid or void. We find it to be void for the reason that the appellant failed to comply with the provisions of Revised Statutes of New Jersey, 1937, 46:28–5, N.J.S.A. 46:28–5,. which we have set out below.[1] The statute requires the affidavit of consideration

---

[1] R.S.N.J. 46:28–5 provides: "Every mortgage or conveyance intended to operate as a mortgage of goods and chattels, which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, having annexed thereto an affidavit or affirmation, made and subscribed by the holder of such mortgage, his agent or attorney,.

attached to the mortgage to state truthfully and completely the consideration for the mortgage.

 The case of American Soda Fountain Company v. Stolzenbach, 75 N.J.L. 721, 68 A. 1078, 16 L.R.A.,N.S., 703, 127 Am.St.Rep. 822, liberalized the statute and established, in the absence of fraud, that an honest and veracious compliance with its terms is sufficient. In the recent case of Atzingen v. Ottolino, 124 N.J.Eq. 510, 514, 2 A.2d 652, 654, Vice Chancellor Egan stated, "The consideration must not only be truthfully set out in the affidavit attached to the chattel mortgage, but it must be completely set forth.", citing Wisner Manufacturing Co. v. Second Nat. etc., Co., 111 N.J.Eq. 535, 162 A. 917, and similar decisions. The affidavit accompanying the mortgage to Singer was executed by one Jack J. Tiger as agent for Singer. The affidavit in its recital of consideration for the mortgage stated among other things that Singer simultaneously with the execution of the chattel mortgage dated February 19, 1942 cancelled a prior chattel mortgage dated October 10, 1941 held by him upon which there was owing the sum of $5,340. The statement contained in the affidavit was untrue for the mortgage of October 10, 1941 was not cancelled and had not been delivered up for cancellation even at the time of the hearing of June 4, 1942 before the referee in bankruptcy as special master.[2] The consideration for the mortgage was neither truthfully nor completely set out in the affidavit. It follows that the mortgage was "absolutely void" as against the creditors of the mortgagor represented by the trustee in bankruptcy.

Other grounds of invalidity are asserted by the trustee but since they were not passed upon by the learned District Judge we will not refer to them.

 The appellant contends also that the validity of the chattel mortgage should not have been determined in the proceeding in the District Court because he, the appellant, assertedly held the chattels adversely to the bankrupt and the trustee. There is ample evidence, however, to support a conclusion that the chattels were not in the possession of the appellant but were taken over by Osborne, the receiver in bankruptcy and subsequently the trustee, from the agents of the bankrupt. Even if this were not the case, however, the claim of the appellant to the chattels is purely colorable and involves no fair doubt or reasonable reason for controversy. Cf. Harrison v. Chamberlin, 271 U.S. 191, 46 S.Ct. 467, 70 L.Ed. 897, and the decision of this court in Moonblatt, Trustee, v. Kosmin, 3 Cir., 139 F.2d 412.

The order of the District Court is affirmed.

---

stating the consideration of such mortgage and, as nearly as possible, the amount due and to become due thereon, be recorded as provided by section 46:-28—7 of this title."

[2] See the testimony of Jack J. Tiger, appellee's appendix, p. 8a. While there was an agreement to cancel the mortgage of October 10, 1941, in view of the fact that the appellant did not see fit to carry out the agreement his failure to do so cannot be treated as a mere technical inaccuracy in the affidavit of consideration accompanying the mortgage of February 19, 1942. Substantial compliance with the terms of the statute has not been dispensed with. See Wisner Mfg. Co. v. Second Nat. Bank & Trust Co., 111 N.J.Eq. 535, 162 A. 917. Cf. Lessler v. Paterson National Bank, 97 N.J.Eq. 396, 128 A. 800.