[No. 14491. In Bank. — May 10, 1892.]

CHARLES YOST, ASSIGNEE, ETC., APPELLANT, v. THE COMMERCIAL BANK OF SANTA ANA, RESPONDENT.

CHATTEL MORTGAGE — CERTIFICATE OF MORTGAGEE — SIGNATURE BY SECRETARY OF BANK. — Where the certificate required by section 2957 of the Civil Code to a chattel mortgage on the part of the mortgagee showed in its body that the secretary who signed the certificate was secretary of the bank named therein as mortgagee, the signature of his name with the word "secretary" alone appended is not defective.

ID. — MORTGAGE ON CROP BY LESSEE — CLAIM AND DELIVERY — INSOLVENCY — ASSIGNEE OF COPARTNERS — RATIFICATION BY SILENT PARTNER — FINDING PROBATIVE FACTS. — Where the ratification by a silent copartner of a chattel mortgage executed upon a crop by a lessee of the land is sufficiently pleaded as a defense to an action of claim and delivery by an assignee in insolvency of both copartners, and the probative facts found follow the pleading, from which the ultimate fact of such ratification prior to the assignment in insolvency by the copartners must necessarily be inferred, the finding is within the issues, and is sufficient to support a judgment sustaining the mortgage as against the assignee in insolvency.

PLEADING — DESCRIPTION OF NOTE AND MORTGAGE — REFERENCE TO SEPARATE DEFENSE. — Where a note and mortgage are fully set out and described in one defense of an answer, they may be referred to in a separate defense as having been set out in the preceding defense, without the necessity of repetition of their contents.

APPEAL from a judgment of the Superior Court of Orange County.

The facts are stated in the opinion.

*Charles S. McKelvey*, for Appellant.

*Victor Montgomery*, for Respondent.

FOOTE, C. — This appeal is taken from a judgment in favor of the defendant, and comes here upon the judgment roll alone.

From the pleadings and findings, it appears that T. H. Owens and J. M. Edington for several years had been partners in the business of cultivating and raising barley on the San Joaquin ranch, in the county of Orange; that the land on which a certain crop of barley was

raised, involved in this action, was leased by Owens alone, and that Edington was a silent partner; that Owens obtained a loan of two thousand dollars from the defendant, a banking corporation, and to secure his note therefor, executed a chattel mortgage on the crop then growing on the leased premises.   This money was used in raising the crop.   Afterwards, on the 12th of September, 1889, both partners made an assignment in writing of all their right, title, and interest in the crop heretofore mentioned to one F. K. Ludlow, which instrument was duly certified and acknowledged, so as to entitle it to be recorded in the proper office, where it was actually recorded on the next day.   This assignment *stated that it was subject to the chattel mortgage to the defendant.*   Owens never paid the money due on the note secured by the chattel mortgage, and on the 21st of September, 1889, Ludlow, the assignee, gave his assent whereby the defendant received possession of the growing crop, thrashed, harvested, and sold it, and applied the proceeds as directed in the chattel mortgage.

After this Owens and Edington became voluntary insolvents under the statutes of this state, and their assignee brought this action for the recovery of the possession of the crop of barley in sacks, and for damages for its detention.

The defendant corporation answered, setting up three defenses: the first, a general denial; the second, that the chattel mortgage had been executed by Owens for money loaned him; that he alone was known to the bank as the lessee of the land on which the crop was grown, and that the borrowed money was used to make the crop, and that the debt remained unpaid, and that the crop was sold under the mortgage in accordance with its provisions, and the proceeds applied by the defendant to the payment of the debt.   The third defense set out facts as to the assignment to Ludlow, etc., which we have heretofore stated, and which, in our judgment, amounted to an assertion of a ratification by the other partner, Edington, prior to the insolvency of

the firm; of the acts of the partner, Owens, in his dealing with the bank, known to it as the lessee of the land on which the crop mortgaged was grown.

The answer was demurred to, and it is claimed by the appellant that the demurrer to the second and third defenses of that pleading should have been sustained.

Passing the question as to whether the second defense was demurrable or not, we think it plain that the third defense contains a statement of facts which show a complete bar to the action.

We do not think that there is anything in the point that the certificate required by section 2957 of the Civil Code is defective. The body of the certificate shows that the "W. K. James, Secretary," who signed the certificate, was the "secretary of the Commercial Bank of Santa Ana, the mortagee in said mortgage named." Thus it sufficiently appears that "W. K. James, Secretary" was the secretary of that bank, and it was unnecessary to repeat after "secretary," as appended to his signature, what was stated in the body of the certificate, — that is, that he was secretary to the bank, mortgagee, etc.

The cases cited from Montana are not in point here.

We think ratification is sufficiently pleaded in the third defense of the answer, and the probative facts found following the pleading from which the ultimate fact of ratification by the other partner necessarily must be inferred, and this is sufficient from which to draw the conclusions of law which support the judgment. (Hayne on New Trial and Appeal, sec. 292.) Hence the point made, that certain of the findings are not within the issues made by the pleadings and should be disregarded, is without merit.

Nor do we perceive any force in the argument made by the appellant that the facts are insufficient as set up in the third ground of defense, because, as claimed, the note and mortgage are *only* referred to therein as being *set out* in the second defense, and are not set out in the third defense.

If the note and mortgage had been made exhibits A and B to the answer, and referred to as such in the third or any of the defenses stated, we do not see why that would not have been sufficient.

No more difficulty or inconvenience in looking at them could result from the method adopted here of referring to the note and mortgage as set out in the second defense than in the method above adverted to.

The practice condemned in *Pennie* v. *Hildreth*, 81 Cal. 127, is not that which is here involved. This is no averment " in subsequent counts that certain paragraphs of the first count are true." The case cited is therefore not in point.

We deem it unnecessary to notice any other point made, and we see no reversible error in the record, and advise that the judgment be affirmed.

BELCHER, C., and FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.