CASE 51—ATTACHMENT—OCTOBER 1.

# Kentucky Jeans Clothing Co. v. Bohn.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. ATTACHMENT—DISCHARGE ON FINAL HEARING AFTER OVERRULING MOTION TO DISCHARGE.—After the trial court has overruled a motion to dissolve an attachment upon the face of the papers, it is too late for the defendant on final hearing to take advantage of technical defects in the affidavit for the attachment.

2. ATTACHMENT—AFFIDAVIT FOR—VERIFICATION BY THE VICE-PRESIDENT OF A CORPORATION.—The affidavit of a corporation for an attachment by its vice-president is *prima facie* sufficient, there being no averment by the defendant that he was not at the time the chief officer in the county.

D. M. RODMAN FOR APPELLANT.

An affidavit for an attachment by a corporation may be made by an executive officer. Civ. Code, secs. 51, sub-sec. 3; 117, sub-sec. 2; 732, sub-sec. 33.

E. D. GUFFY, ALSO FOR APPELLANT. (No brief in the record.)

M. A., D. A. AND J. G. SACHS FOR APPELLEE.

1. An affidavit for an attachment by the vice-president of a corporation is insufficient without showing that the president is absent from the county. Civ. Code, sec. 550; Pool 'v. Webster, 3 Met., 278; Civ. Code, sec. 117, sub-sec. 2, sec. 732, sub-sec. 24, sec. 51, sub-sec. 3; Drake on Attachments, sec. 94, Ed. of 1873.

2. The evidence was insufficient to warrant the trial court in sustaining the attachment.

SAME COUNSEL FOR APPELLEE IN A PETITION FOR A REHEARING.

1. The opinion delivered herein is erroneous because it overrules the established principle that the judgment of a lower court will be affirmed unless the error appear affirmatively from the record. 2 Barb. Dig. 1228, No. 142, citing the following cases: Heyden v. Lockhart, 1 Bibb., 308; Braxdale v. Speed, 1 Mar., 105; Taylor v. Chapline 3 Mar., 491; Jones v. Williams, 4 Mon., 42; Cravens v. Gant, 4 Mon., 126; Venable v. McDonald, 4 Dana, 336; Kimberlin v. Faris' Admr., 5 Dana, 533; Harvey v. Payne, 2 Met., 451; Gray v. Campbell, 5 Ky. Law Rep., 510; Huffaker & Shy v. National Bank of Monticello, 13 Bush, 644; Bowman v. Holloway, 14 Bush, 426.

2. It is erroneous in overruling the principle that all provisional summary remedies must comply strictly with the statute. Barbourville Real Estate Co. v. Matthews, 14 Ky. Law Rep., 767; Northern Lake Ice Co. v. Orr, 19 Ky. Law Rep., 1634.

3. This appeal is prosecuted on a partial transcript and the presumption is that the omitted record would sustain the action of the lower court. Brockle v. Brockle, 7 Ky. Law Rep., 760; Terrell v. Rowland, 86 Ky., 67; Brassfield v. Burgess, 10 Ky. Law Rep., 660; Whitefield y. Hipple, 11 Ky. Law Rep., 386; McKee v. Stein, 91 Ky., 240; Jones v. Jackson, 13 Ky. Law Rep., 253; Scott v. Means, &c., 13 Ky. Law Rep., 911; Kentucky Mutual Sec. Fund v. Turner, 14 Ky. Law Rep., 257; Adams v. Bement, 96 Ky., 334; McKee v. Hazelrigg, 7 Ky. Law Rep., 359; Daugherty v. Ringo, 7 Ky. Law Rep., 360; Katz v. Laycock, 15 Ky. Law Rep., 606.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The appellant in this case instituted suit upon an account against the appellee, and also obtained an attachment. It appears that the petition contained the necessary allegations to authorize an attachment, which were sworn to by Hardin Wilson, secretary and treasurer of appellant corporation. Afterwards an affidavit authorizing the attachment was signed and sworn to by A. V.

Thompson, vice-president of said corporation.  No defense was made to the account sued on, but the appellee entered a motion, the grounds of which do not appear, to discharge the attachment upon the face of the papers, which motion, after having been postponed for consideration by the court, was overruled.  Afterwards the case was transferred to the chancery division of the Jefferson Circuit Court, and upon final hearing the court rendered a judgment for most of the amount claimed, but discharged or dismissed the attachment upon the ground that the affidavit was not signed and sworn to by the chief officer of the company, and no reason given why it was not so signed and sworn to, and from that judgment this appeal is prosecuted.

It would seem from the judgment of the court that it deemed the evidence sufficient to sustain the attachment, as no reference to insufficiency of the testimony is made in the opinion or judgment; and, inasmuch as the court below was in a position to judge of the sufficiency of the evidence, we are not inclined to hold the evidence insufficient, hence the only question which demands our serious consideration is as to whether the affidavit was made by the proper party, and whether the appellee was entitled upon final hearing to avail himself of the failure, if any there was, in making the affidavit.  It is provided in subsection 3 of section 51·of the Code of Practice that in an action against a private corporation summons may be served in any county upon the defendant's chief officer or agent who may be found in this State, or it may be served in the county wherein the action is brought upon the defendant's chief officer or agent who may be found therein.  It is provided in section 117 of the Code, as to verification of pleadings, that the pleading

of a county or private corporation must be verified by its chief officer or agent upon whom summons in an action is lawfully served, or may be lawfully served, if it were a defendant. It is provided in section 196 that an order of attachment shall be made by the clerk of the court in which the action is pending in any case mentioned in section 194, subsections 1 and 2, if the affidavit of plaintiff be filed or offered showing the existence of grounds for an attachment. Subsection 33 of section 732 reads as follows: "The chief officer or agent of a corporation, which has any of the officers or agents herein mentioned, is first, its president; second, its vice-president; third, its secretary or librarian; fourth, its cashier or treasurer; fifth, its clerk, and sixth, its managing agent." It is the contention of appellee that the affidavit to the petition, as well as the other affidavit as to the grounds of attachment, do not show that the parties swearing to the same were the chief officers of the corporation, nor that the chief officer was absent from the county; hence it is argued that the affidavit is insufficient to authorize the attachment. It is the contention of appellant that either or any of the officers named in subsection 33 of section 732 are authorized to make the necessary affidavit. It is not necessary in this case to determine as to the soundness of either proposition, for the reason that, if appellee desired to take advantage of the insufficiency of the affidavit, or the lack of authority of the party signing and swearing to the same, he should have done so by rule, or by specific motion setting out the ground therefor; and especially is this so in the case at bar, for the reason that a general motion to discharge the attachment on the face of the papers was overruled by the court first having jurisdiction of the case. Furthermore,

we are of opinion that the affidavit of the vice-president was *prima facie* sufficient, there being no averment by appellee that he was not at the time the chief officer in the county. It is a familiar rule of law that objections to the verification of pleadings must be taken before the submission of the cause for trial, else the objection shall be deemed to have been waived; and it seems to us that the same rule should apply to the case at bar. It seems to us that, the court having overruled the general motion to discharge the attachment upon the face of the papers made by appellee, without stating any specific grounds, should be taken as determining that, according to the papers filed, appellant presented a *prima facie* right to have the attachment sustained; or, in other words, that, no technical defects being stated, and after such decision, appellee was not entitled, upon final hearing, to take advantage of the technical defect complained of. For the reason indicated, the judgment of the court below is reversed, and cause remanded, with directions to set aside the judgment as to the attachment, and sustain the same, and for proceedings consistent with this opinion.