# INTERNATIONAL SEAL CO. *v.* BEYER.*

CORPORATIONS; GARNISHMENT; ANSWERS TO INTERROGATORIES; SEALS.

1. A corporation must act either *per se,* through its officers, or *per alium,* through its agents; and all that is required of a corporation upon. which interrogatories in garnishment proceedings have been served is that some duly authorized officer having knowledge of the facts shall make answer for it under oath.

2. *Quære*—whether, under sec. 447, D. C. Code [31 Stat. at L. 1259, chap. 854], requiring answers under oath by the garnishee, a corporation may answer *per alium* through an agent.

3. Where the answers to interrogatories contained in a writ of garnishment served on a corporation are signed by its secretary and treasurer, and contain a statement under oath that he holds both offices in the corporation, the answers are those of the corporation by its officer, and not by its agent, and it will be presumed, in the absence of evidence to the contrary, that the secretary and treasurer of the corporation is acting for it and within the scope of his authority; especially where the plaintiff made no effort to require the garnishee to appear in court and be examined orally under oath, as he might have done.

4. It is not neccessary that the seal of a corporation should be attached to answers under oath by it through its proper officer to interrogatories contained in a writ of garnishment.

No. 1972.   Submitted February 9, 1909.   Decided April 6, 1909.

HEARING on an appeal by a garnishee from a judgment of the Supreme Court of the District of Columbia.   *Reversed.*

---

*Corporation.*—As to whether affidavit or verification by officer of corporation is to be regarded as made by an agent of the corporation, see annotation to *American Soda Fountain Co.* v. *Stolzenbach,* 16 L.R.A.(N.S.) 703.

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment of the supreme court of the District of Columbia against appellant, The International Seal Company, as garnishee of the Grant Manufacturing Company, the principal defendant, against whom judgment by default had been previously entered.

The appellant corporation was served with interrogatories to be answered under oath. Within the time in which it was required to answer there was filed in the case, in its behalf, the following:

### Interrogatories.

1st. Are you now, or were you at the time of garnishment, indebted to the defendant: if so, how, and what amount?

Answer. No.

2d. Have you now, or had you, at the time of service of the notice, or have you had at any time between the date of service and the time of answering, any goods, chattels, or credits of the defendant?

Answer. No.

3. Have you any contract with the defendant for the payment by you to it of any money for purchase money or for royalty? If so, produce and file a copy thereof with your answer hereto.

No. I am the secretary and treasurer of the International Seal Company.

Horace Gabel,
Sec'y and Treas.

This affidavit was duly subscribed and sworn to before a notary public.

Thereafter plaintiff, Louis Beyer, Jr., appellee here, moved the court for judgment of condemnation against the appellant as garnishee, which motion was granted by the court on the ground of the insufficiency of the "affidavit of defense." Thereafter a motion was made in behalf of the appellant as garnishee to set aside the judgment against it. Upon consideration of this mo-

tion it was overruled, and an appeal was thereupon entered from said judgment of condemnation.

Mr. *Louis A. Dent* for the appellant.

Mr. *Charles Poe* for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

The sole question here is as to the sufficiency of the disclosure of appellant as garnishee.

Section 447 of the Code [31 Stat. at L. 1259, chap. 854] in substance provides that the plaintiff may exhibit interrogatories in writing, to be served on any garnishee, and that, "the garnishee shall file his answers under oath to such interrogatories. * * * In addition to the answers to written interrogatories required of him, the garnishee may, on motion, be required to appear in court and be examined orally under oath touching any property or credits of the defendant in his hands."

Sections 467 and 1098 of the Code [31 Stat. at L. 1263, 1361, chap. 854] provide, *inter alia,* that, upon the failure of the garnishee to answer the interrogatories served on him, or to appear and show cause why judgment of condemnation should not be entered, the plaintiff shall have judgment for the whole amount of his claim and costs.

Manifestly, a corporation must act either *per se,* through its officers, or *per alium,* through its agents; and all that is required of a corporation upon whom interrogatories in garnishment proceedings have been served is that some duly authorized officer having knowledge of the facts shall make answer for it under oath. The fact that the statute requires an answer under oath from the garnishee raises a question, which we do not decide, whether the corporation may answer *per alium* through an agent, for usually, where the statute requires the oath of a party, the oath of an agent is not sufficient.

Appellee has assumed that the answer in this case is by an agent of the International Seal Company, appellant here. This

assumption is not warranted by the answer, for it clearly appears therein that the answer is made by the secretary and treasurer of the company. We think it may be presumed, in the absence of evidence to the contrary, that the secretary and treasurer of a corporation, who recites in the affidavit that he is secretary and treasurer, is acting for the corporation and within the scope of his authority. Indeed, it is probable that, of all officers of the corporation, he would be in the best position to answer intelligently such interrogatories as were here propounded. At all events, it neither appears that he was not acting within the scope of his authority, nor that any effort was made by the plaintiff to require the garnishee to appear in court and be examined orally under oath. In other words, the objection to this answer is aimed at its form, and not its substance, is purely technical, and should receive only the consideration to which it is strictly entitled. This is not the answer of an agent of the corporation, but is the answer of the corporation itself. At least, it is prima facie entitled to be considered the act of the corporation. As far back as 1834, Chief Justice Hornblower, in *New Brunswick S. B. & Canal Transp. Co.* v. *Baldwin,* 14 N. J. L. 440, ruled that "an affidavit made by the president, secretary, or other proper officer or agent of a corporation, where the corporation is a party to the suit, is, in legal contemplation, an affidavit made by the party." This rule has been sustained by other high authority. Thus, in *Bank of Toronto* v. *McDougall,* 15 U. C. C. P. 475, the issue was as to the validity of "the affidavit of bona fides" of a chattel mortgage made by one of the officers of the corporation, in which affidavit there was neither a recital of specific authority nor a statement that the officer *virtute officii* had power to bind the corporation. It was held that the affidavit "may properly be considered as the affidavit of the mortgagee, made in the only way the mortgagee could make the affidavit; namely, through its administrative officer." In *Gerhard Hardware Co.* v. *Texas Cotton-Press Co.* (Tex. Civ. App.) 26 S. W. 168, it was held that an answer signed and sworn to by the vice president of a corporation, as such, is, on its face, the answer of the corporation. So,

too, in *Kentucky Jeans Clothing Co.* v. *Bohn,* 104 Ky. 387, 47 S. W. 250, a verification by the vice president of a corporation of the affidavit of the corporation was held sufficient although no reason was stated therein why it was not signed and sworn to by the chief officer of the corporation. In *Bullock Beresford Mfg. Co.* v. *Hedges,* 76 Ohio St. 91, 81 N. E. 171, the court called attention to the distinction between officers of a corporation and its agents, and held that, while agents, in verifying a pleading, must state their authority, in a verification by an officer of the corporation, being a verification by the party, such authority need not be stated. The verification of a pleading by any officer of a corporation was held, in *American Insulator Co.* v. *Banker's & M. Teleg. Co.* 13 Daly, 200, to be the verification of the corporation itself, and, therefore, not within the rule requiring an agent or attorney to state his authority, the sources of his information, and the grounds for his belief. See also: *Commercial Nat. Bank* v. *Hutchison,* 87 N. C. 22; *Shaft* v. *Phœnix Mut. L. Ins. Co.* 67 N. Y. 544, 23 Am. Rep. 138; *Yost* v. *Commercial Bank,* 94 Cal. 494, 29 Pac. 858; *Sawyer* v. *Cox,* 63 Ill. 130; *Sumner* v. *Dalton,* 58 N. H. 295.

A very recent case directly in point is *American Soda Fountain Co.* v. *Stolzenbach,* 75 N. J. L. 721, 16 L.R.A.(N.S.) 704, 68 Atl. 1078, decided by the New Jersey court of errors and appeals (March 2, 1908). In that case the American Soda Fountain Company had instituted an action in replevin to recover property upon which it held a chattel mortgage, and which had been seized by a judgment creditor of the mortgagor in garnishment proceedings. The seizure was attempted to be justified on the ground that the affidavit to the chattel mortgage was not in compliance with the statute which required that the mortgage should have "annexed thereto an affidavit or affirmation made and subscribed by the holder of said mortgage, his agent or attorney, stating the consideration of said mortgage, and, as nearly as possible, the amount due and to grow due thereon." The affidavit was made and signed by "A. H. Lippincott, Vice President," and the only reference to his authority in the body of the affidavit was the statement "that he is vice president of

American Soda Fountain Company, the mortgagee named in the foregoing chattel mortgage." The court, in an exhaustive and well-reasoned opinion, held the affidavit sufficient, saying: "It seems to us that the mortgage as a whole, including the affidavit, was, under the evidence in this case, clearly and palpably the act of the corporation. Whether the vice president had general authority, by virtue of his office, or under the certificate of incorporation, or by the by-laws, or whether he had been designated under corporate authority to make the affidavit, is immaterial. From what we have said the presumption arises that the corporation requested its vice president, either by virtue of his office or in behalf of the corporation, *pro hac vice* to make the affidavit for it, and the defendant in error offers no evidence to the contrary. \* \* \* In the absence of evidence of limitation upon the powers of the officer, his official rank makes no difference in the application of the rule, because, provided the official relationship of the affiant appears in the affidavit, it will not, for the purpose of defeating that act, be presumed, in the absence of proof to the contrary, that he did it otherwise than in his official capacity."

It is contended by appellee that the answer in this case is defective for the additional reason that the seal of the corporation is not affixed thereto. As above stated, this answer is the answer of the corporation, and not the answer of an agent. For this reason the absence of the seal is of no significance, for modern convenience has almost wholly abrogated the ancient doctrine that a corporation can act only through its seal, and it is now generally recognized that the acts and contracts of a corporate officer, within the scope of his authority, although not under the seal of the corporation, are binding upon the corporation. *Bank of Columbia* v. *Patterson,* 7 Cranch, 304, 3 L. ed. 352; *Bank of United States* v. *Dandridge,* 12 Wheat. 66, 6 L. ed. 553, 10 Cyc. Law & Proc. p. 1004. Of course, we are not to be understood as intimating that, where an act of an individual requires a seal, it may be dispensed with by a corporation. In the present case the appellant, through its secretary and treasurer, was attempting to comply with a statute appli-

Vol. XXXIII.—12.

cable alike to individuals and corporations. The answer was made under oath, and the presence of the seal of the corporation would have added nothing thereto. An examination of the record discloses the triviality of this objection, for the note of the principal defendant, the Grant Manufacturing Company, upon which the original judgment is based, was signed by the treasurer of the company without affixing the corporate seal. Manifestly, if a seal is not necessary to bind a corporation in such an undertaking, it is not necessary to give prima facie validity to an answer like this.

We conclude that the court below erred in entering judgment of condemnation against appellant. We therefore reverse the judgment, with costs, and remand the case for further proceedings not inconsistent with this opinion.          *Reversed.*