# CHARLESTON.

HARRISON CONSTRUCTION CO. *v.* GREYSTONE HOTEL CO.

(C. C. 346)

Submitted April 14, 1925.   Decided April 21, 1925.

1.  AFFIDAVITS—*Affidavits for Corporation May Generally be Made by Any Officer Having Requisite Knowledge and Information, in Absence of Statutory Designation.*

    When no particular officer is designated by statute to make an affidavit for a corporation, it may generally be made by any officer of the corporation having requisite knowledge and information of the facts to be verified. (p. 6).

    (Affidavits, 2 C. J. § 26 [1926 Anno]).

2.  SAME—*Recital in Affidavit of Express Authorization of Superintendent of Corporation to Make Affidavit to Notice to Perfect Builder's Lien is Not Necessary.*

    When it appears from a notice filed to perfect a builder's lien in behalf of a contracting corporation that the affiant thereto is the superintendent of the corporation, his authority to verify the notice will be implied and recital in the affidavit of express authorization is not necessary. (p. 7).

    (Affidavits, 2 C. J. § 71).

    NOTE:   Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Certified Questions from Circuit Court, Greenbrier County.

Suit by the Harrison Construction Company against the Greystone Hotel Company.   After sustaining a demurrer to the bill, the court certified questions.

*Reversed.*

*H. L. VanSickler* and *M. L. Jarrett,* for plaintiff.
*Chas. S. Dice* and *G. Gilmer Easley,* for defendant.

HATCHER, JUDGE:

The plaintiff brought suit in the Circuit Court of Greenbrier County to enforce a builder's lien against real estate owned by the defendant.   A demurrer to the plaintiff's bill was sustained.   The circuit court, on its own motion, certi-

fied here for our decision, the question arising on the suffi-
ciency of the affidavit to the notice of the plaintiff's lien.

. The notice is in the exact form prescribed in paragraph b
of section 3 of chapter 75 of the Code. It is signed "Har-
rison Construction Company, Incorporated, By L. B. Perrin,
Supt." The affidavit to the notice is also in the statutory
form. It is as follows:

> "L. B. Perrin, being first duly sworn, upon his
> oath says that the statements contained in the fore-
> going notice of lien are true, as he verily believes."

The circuit court took the view that the affidavit was fatally
defective because it did not show that Mr. Perrin was ex-
pressly authorized to make it.

It is contended for the demurrant that the duties of a
superintendent of a corporation are closely circumscribed by
custom and law, and do not include the making of an affidavit
for his company or other such "administrative duties." The
case of *Napier* v. *Mozena Coal Company*, 86 W. Va. 220, is
cited. In that case, it was held that the power of a superin-
tendent was not restricted to acts within the express scope of
his authority, but included such other acts as by implication
were reasonably necessary to effectuate the results authorized,
in the usual and customary manner. The principle underlying
this holding opposes, rather than supports the demurrant's
contention. If a superintendent has the implied power there-
in stated in relation to contractual matters, *a fortiori*, should
he have the implied power to render a service, entirely bene-
ficial to his company and designed to protect it from loss, in a
matter where no contractual rights are involved.

The demurrant also relies on the case of *Quesenberry* v.
*Loan Association*, 44 W. Va. 512. That case denied the right
of an attorney therein to make an affidavit for the defendant
corporation. The decision, however, was not based on the
fact that an attorney, as a representative of the corporation,
could not properly make an affidavit for it. The affidavit
therein was quashed because there was nothing. to show or
import that the attorney was conversant with the facts con-
tained in the affidavit. The opinion of the court, in part, is
as follows:

> "The affidavit offered by defendant was not made by any officer of the corporation who might be expected to know anything of the indebtedness between the parties. It seems to be the law that, where a pleading of a corporation is to be sworn to, it must be by the president or some officer conversant with the facts. This affidavit was made by the attorney at law of the defendant. What would he know of the indebtedness, unless he would show that he was personally cognizant of the facts? Doubtless there are instances in which an attorney may make affidavit for a corporation; but this is an instance where the affidavit calls for personal knowledge of the facts,—the account between the parties,—if any instance does."

The gist of this holding is that the official title of the one making the affidavit is immaterial provided he be *conversant with the facts.* Apply that principle to the Perrin affidavit. Being an artificial person, the plaintiff, of necessity, acts through its officers and agents. A superintendent in charge of its work is recognized as a regular and important part of its corporate machinery. He is the representative of the corporation *on the job.* He is the one who keeps in touch with the work performed. No officer or agent of the corporation would ordinarily know more about the local situation than the superintendent. He is the officer most likely to know the desirability or the necessity of taking the lien permitted by the statute. It is his duty to act promptly in case of emergency to safeguard, as far as may be, the interests of his employer. No reason appears why a superintendent, when conversant with the facts, is not a proper official to make an affidavit for the corporation. The notice states that Mr. Perrin was the superintendent of the plaintiff. The affidavit is attached to and is a part of the notice. It was therefore not necessary to repeat in the affidavit his official connection with the company.

The demurrant also argues that Mr. Perrin is not an officer of the corporation, but its agent. His right *as an agent* to perfect the lien in question is not denied, but demurrant contends that his authorization as such agent *should appear in the affidavit.* We know of no better answer to this contention than

is found in the faultless logic of Judge Dill of the New Jersey court in the case of *American Soda Fountain Company* v. *Stolzenbach,* 16 L. R. A. (N. S.) 703, 68 Atl. 1078. That was a case involving the validity of an affidavit made on behalf of a corporation by its vice-president. It was there held that the affidavit of the officer was, in legal contemplation, the affidavit of the corporation; that he was *prima facie* acting properly and by authority of the corporation, and that special allegation of his authority in the affidavit was unnecessary. We quote with approval from the opinion:

> "The fallacy of the argument of the defendant in error is that it fails to note the distinction between a corporate act, performed through the intermediation of a person specially empowered to act as its agent or its attorney, and a like act done immediately by the corporation through its own administrative officers—its inherent agencies. The right of an artificial person to empower and employ agents or attorneys is identical with that of a natural person,—each is governed alike by the law of principal and agent. The fundamental difference between the natural and artificial person is that the latter, even when not acting as a principal through the intermediation of an agent, acts through some agency, inherent in its corporate form. Normally, such agency inheres in the natural persons who hold and administer the offices of the corporation. The analogy of a natural body having head and members holds good in the case of the artificial body, the common and declared law recognizing that the officers are the means—the hands, the head, by which corporations normally act. * * * Hence, when a corporation does not go outside of its corporate machinery and capacity in doing a corporate act, it is a confusion of terms and of ideas to say that it is acting through an agent when the fact is that it is acting through an agency, and in chief. The distinction is not merely verbal and hence trivial, but, on the contrary, marks the wide difference that exists between acting for oneself by an inherent faculty and the employment of another person to act for one in one's stead."

The New Jersey decision is supported by the Canadian court in *Bank of Toronto* v. *McDougall*, 15 U. C. C. P. 475, by an array of English decisions, a leading case being *Shears* v. *Jacobs*, 35 L. J. C. P. N. S. 241, and by many American cases, among which are: *Shaft* v. *Phoenix Mut. L. Ins. Co.* 67 N. Y. 544, 23 Am. Rep. 138; *Sumner* v. *Dalton*, 58 N. H. 295; *Yost* v. *Commercial Bank*, 94 Cal. 494, 29 Pac. 858; *Merrill* v. *Montgomery*, 25 Mich. 73; *Gerhard Hardware Co.* v. *Texas Cotton Press Co.* 26 S. W. (Tex.) 168; *Kentucky Jeans Clothing Co.* v. *Bohn*, 104 Ky. 387; *Bullock Beresford Mfg. Co.* v. *Hedges*, 76 Ohio St. 91; *Commercial Nat. Bank* v. *Hutchinson*, 87 N. C. 22.

The bill herein alleges that the plaintiff "perfected and preserved" the lien in question. On demurrer, full credence is given to this allegation. The reasonable intendment whereof is that the act of Mr. Perrin in signing the notice and swearing to the affidavit was *the very act of the plaintiff*. The conduct of the plaintiff has been entirely consistent with this allegation. The record discloses no objection by it to the act of its superintendent. On the contrary, it has ratified, claimed the benefit of, and is now in court seeking to enforce the lien secured to it by him. Its conduct, as well as its positive allegation, in this respect, confirms the implication of law that the act of its superintendent in perfecting this lien was the act of the corporation.

Construction work is usually, if not invariably, begun with confidence in the owner's ability to pay. As long as that confidence exists, a statutory lien is seldom perfected. The taking of such a lien usually means a breach in the friendly relations theretofore existing between the contractor and the owner. It is the last resort of the contractor. In consequence of which, the contractor will usually postpone filing his notice as long as the statute permits. When final determination is made to perfect the lien, little, if any time is ordinarily left under the statutory limit. In few instances will time remain in which to call a director's meeting and have express authority given to a representative of the corporation to file the statutory notice. The Legislature passed the statute with full cognizance of the situation usually surrounding the tak-

ing of the lien. It clearly intended to provide a builder with a simple, as well as quick method of securing a lien for work done and materials furnished. To effectuate this purpose, a simple and short form of notice and affidavit is furnished which the statute says *is sufficient.* We should not make technical and involved, a procedure which was designed to be simple and free from technicalities.

In discussing the Mechanic's Lien law of Pennsylvania, the court of that state said:

> "Adherence to the terms of the statute is indispensable, but the rule must not be pushed into such niceties as serve but to perplex and embarrass a remedy intended to be simple and summary, without, in fact adding anything to the security of the parties having an interest in the building sought to be incumbered."

*Knabbs Appeal,* 10 Penn. St. 186.

Our own court has on more than one occasion held that a substantial compliance with the requirements of the mechanic's lien statute is all that is necessary. *Rainey* v. *Freeport Smokeless C. & C. Co.* 58 W. Va. 381; *U. S. Blowpipe Co.* v. *Spencer,* 61 W. Va. 191.

The affidavit in question complies "upon its face" with the provisions of our statute. It thus conforms to the rule announced in *U. S. Blowpipe Co.* v. *Spencer, supra.* The object of having an affidavit to the notice, is that the correctness of the statements appearing therein may be verified by someone having requisite knowledge and information. The good faith of the affiant is tested by his solemn oath. The validity of the lien is thereby assured. *Walters* v. *Goldberg,* 108 N. Y. Supp. 992. The purpose of the statute would be effectuated no better if the affidavit herein stated express authority in the affiant. Why, therefore, should we require something in the affidavit not mentioned or implied by the statute? No suggestion is offered of any useful purpose that would be served thereby. No reason has been advanced warranting the view that the Legislature contemplated express action by the directors in such case.

We find no decision in this State entirely in point. The decisions of other courts are influenced by the requirements of the respective statutes under consideration. In the many cases cited in the briefs herein, we find none made upon a statute exactly like ours. However, certain general principles of law in regard thereto are well established, which support our conclusion. One is that such a statute ''is to be construed liberally to enable parties to obtain their rights.'' Opinion, *Reed* v. *Bagley,* (Neb.) 38 N. W. 827. Another is that ''when an affidavit is required of a corporation and no particular officer is designated in the statute to make it, it may be made by any one of its officers or agents.'' *Old Settlers' Inv. Co.* v. *White,* (Cal.) 110 Pac. 922.

The decisions of our court qualify the latter rule to this extent: the officer making the affidavit should have *requisite knowledge and information of the facts verified.* In this case, the law implies that Mr. Perrin had requisite knowledge and information of the statements in the notice. A liberal construction of the statute upholds the Perrin affidavit.

The judgment of the circuit court will therefore be reversed and the demurrer to the plaintiff's bill overruled.

*Reversed.*