# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

August 29, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: A Purported Lien or Claim Against Keith William DeBlasio, Petitioner, Petitioner Below**

**No. 13-1306**
(Morgan County 12-P-1, 12-P-2, 12-P-25, 12-P-26, 13-P-33, and 13-P-34)


## MEMORANDUM DECISION

Petitioner Keith William DeBlasio, appearing *pro se*, appeals two orders of the Circuit Court of Morgan County. In the first order, entered November 6, 2013, the circuit court (1) denied petitioner's motions to declare certain liens fraudulent in Nos. 12-P-1, 12-P-2, 12-P-25, and 12-P-26; and (2) denied petitioner's motions for costs in those cases as well as in Nos. 13-P-33 and 13-P-34. In the second order, entered November 22, 2013, the circuit court denied petitioner's motion to reconsider judgment. Respondent Cold Spring Forest Sec. 1 Homeowners Association, Inc., by counsel Joanna L–S Robinson, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

At all times pertinent to this appeal, petitioner had ownership interests in two lots in his former subdivision and was previously engaged in various disputes with the respondent homeowners association ("respondent association"). In a prior case between the parties, the circuit court determined that the subdivision's Declaration of Covenants and Restrictions ("Declaration") provides that unpaid special and annual assessments, plus interest and costs, constitute liens against a lot and that respondent association has the authority to record such liens. Petitioner appealed, and this Court affirmed the circuit court's order in *DeBlasio v. Cold Spring Forest Sec. 1 Homeowners Association, Inc.*, Nos. 12-0652, 12-0686, 12-0693, 2013 WL 3388227 (W.Va. July 8, 2013) (memorandum decision), *reh'g denied*, __ U.S. __, 134 S.Ct. 1052, 188 L.Ed.2d 119 (2014).

In the cases currently on appeal, petitioner filed various motions to have the liens recorded by respondent association against his ownership interests declared invalid as fraudulent pursuant

1

to Chapter 38, Article 18 of the West Virginia Code. In Nos. 13-P-33 and 13-P-34,[1] the circuit court invalidated the liens at issue because respondent association did not submit petitioner's deeds or other documents showing that he had consented to be bound by the covenants and restrictions found in the Declaration. While the circuit court invalidated the liens, the court made no finding that they were fraudulent.

In Nos. 12-P-1 and 12-P-2,[2] and 12-P-25 and 12-P-26,[3] the circuit court denied petitioner's motions to invalidate the liens at issue because respondent association submitted petitioner's deeds showing that he had consented to be bound by the Declaration. The circuit court explained the contrary result in Nos. 13-P-33 and 13-P-34 as based on lack of evidence and that "[n]ow, . . . the Court has been presented with the document [that] shows consent of the owners of the affected property."

With regard to petitioner's motions for costs, the circuit court found that before costs could be awarded pursuant to West Virginia Code § 38-16-404, there must be a finding that the liens at issue were nonconsensual or otherwise fraudulent. The circuit court explained that it was making no such finding—not even in Nos. 13-P-33 and 13-P-34 (in which the court invalidated the liens based on a lack of evidence). The circuit court noted that during the pendency of the motion for costs in Nos. 13-P-33 and 13-P-34, respondent association submitted the deeds proving the liens' validity and, "[w]hile this Court will not vacate its Order in 13-P-33 and 13-P-34, as the time for [respondent association]'s proof has [passed] and this Court's order was final, this Court cannot award Petitioner costs for the windfall he received [when the court invalidated those liens]." Accordingly, the circuit court denied petitioner's motions for costs.

Petitioner filed a motion under Rule 59(e) of the West Virginia Rules of Civil Procedure to have the circuit court reconsider its November 6, 2013, order that denied his various motions. In evaluating the Rule 59(e) motion, the circuit court first declined petitioner's invitation to instruct the Morgan County Clerk on how she was to file respondent association's liens in the county records because that was a clerical matter that "has no bearing on the substance of the lien or its enforceability (quoting *In Re: A Purported Lien or Claim Against Dilts*, Nos. 11-1523 and 12-0223, 2013 WL 1707695, at *2 n. 4 (W.Va. April 19, 2013) (memorandum decision))."[4]

---

[1] These liens (one for each lot) were recorded on March 21, 2013, and represented claims totaling $3,990.53 in collection costs—for unpaid annual assessments for the years 2011 and 2012—for the period from June 19, 2012, to March 21, 2013.

[2] These liens were recorded on February 1, 2012, and represented claims for (1) the 2011 and 2012 annual assessment in the amount of $100 per year, (2) a special road assessment in the amount of $425, and (3) "to date" collection costs in the amount of $108.

[3] These liens were recorded on June 18, 2012, and represented claims totaling $10,544 for "to date" collection costs for the unpaid annual assessments for 2011 and 2012.

[4] Petitioner was a co-petitioner in *In Re: A Purported Lien or Claim Against Dilts*.

2

Second, the circuit court reaffirmed its ruling that petitioner was not eligible to be awarded his costs because there had been no finding of a non-consensual or fraudulent lien. The circuit court further noted that even if petitioner had been eligible under West Virginia Code § 38-16-404 to obtain his costs, petitioner had no court costs because he was approved for indigency status.

Third, the circuit court refused to delve into whether one of the assessments the liens represented had been dismissed in *DeBlasio* with regard to petitioner.[5] Specifically, the circuit court quoted its November 6, 2013, order that "[t]his Order makes no finding as to any underlying claims of the parties involved." This ruling tracks the language of West Virginia Code § 38-16-402(g), which sets forth a suggested form order for cases in which the movant alleges that a judgment lien is fraudulent.[6]

Finally, the circuit court rejected petitioner's argument that it was improper for respondent association's president, a non-lawyer, to record the liens on its behalf. The circuit court ruled that the recordation of a lien was an act that a corporate manager may perform on behalf of his corporation pursuant to *Harrison Construction Co. v. Greystone Hotel Co.*, 99 W.Va. 5, 127 S.E. 641 (1925) (rejecting the argument that a company superintendent needed express authorization). Accordingly, the circuit court denied petitioner's Rule 59(e) motion.

Petitioner now appeals the circuit court's November 6, 2013, order and its November 22, 2013, order that denied his motion to reconsider judgment. The standard of review for a motion filed under Rule 59(e) "is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 1, *Wickland v. Am. Travellers Life In. Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998). In addition, "[t]his Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield,* 196 W.Va. 178, 469 S.E.2d 114 (1996).

## NON-LAWYER'S RECORDATION OF LIENS

Petitioner argues that the circuit court erred in finding that respondent association's president, a non-lawyer, could record the liens on its behalf, citing, *Shenandoah Sales & Service, Inc. v. Assessor of Jefferson County,* 228 W.Va. 762, 724 S.E.2d 733 (2012). In *Shenandoah Sales*, a corporate vice president attempted to represent the company in circuit court proceedings even though he was not a lawyer. Respondent association asserts that *Shenandoah Sales* is distinguishable from the instant case. We agree. Recording a lien is very different than

---

[5] Petitioner's mother and stepfather were his co-defendants in *DeBlasio*.

[6] West Virginia Code § 38-16-403, which addresses fraudulent property liens, also expressly provides that the circuit court's order should make "no finding as to any underlying claims of the parties involved." Id. § 38-16-403(g)

representing another in a court of record, and, as noted by the circuit court, this Court found in *Harrison Construction* that lien recordation was within the regular duties of a corporate manager. Therefore, this Court concludes that the circuit court correctly rejected petitioner's argument that the liens were improperly recorded because they were filed by a non-lawyer.

## STATUTATORY PROCEDURE FOR
## INVALIDATION OF FRAUDULENT COMMON LAW LIENS

Chapter 38, Article 18 of the West Virginia Code sets forth a procedure for invalidating fraudulent common law liens. Because West Virginia Code § 38-16-404 awards costs to the movant only if a lien is invalidated as nonconsensual, we consider the correctness of the circuit court's denial of petitioner's motions for costs together with the correctness of the court's denial of his motions to invalidate the liens.

As an initial matter, Chapter 38, Article 16 clearly indicates that the procedure set forth therein addresses only the validity of the lien, and not the validity of the underlying claim. Both West Virginia Code § 38-16-402 (which addresses fraudulent common law liens) and West Virginia Code § 38-16-403 (which addresses fraudulent property liens) explicitly provide that the circuit court's order should make "no finding as to any underlying claims of the parties involved." Id. §§ 38-16-402(g) and -403(g). In the instant case, petitioner argues that the circuit court in *DeBlasio* dismissed one of the claims the liens represent. However, in light of Chapter 38, Article 16's express language, the issue of the allegedly dismissed claim is beyond the scope of the instant proceeding. Thus, this Court finds that the circuit court correctly determined that "[its] Order makes no finding as to any underlying claims of the parties involved."

As to the validity of the liens themselves, petitioner asserts that the circuit court erred in finding that the liens were valid consensual liens. Respondent association counters that Chapter 38, Article 16 explicitly provides that it does not apply to "[c]onsensual liens now or hereafter recognized under the common law of this state." Id. § 38-16-201(3). Conversely, a lien that is nonconsensual or fraudulent includes a lien that "[d]oes not derive its existence from the consent of the owner of the affected property." Id. § 38-16-106(2). With regard to respondent association's liens, the circuit court found that they were valid because petitioner's deeds showed that he had consented to be bound by the Declaration. Both deeds state that petitioner's property interests were granted "subject to and together with any and all covenants, conditions, agreements, easements, rights, rights-of-way and/or restrictions of record and in existence, including those of record in the aforesaid Clerk's Office in Deed Book No. 152, at page 862." Therefore, this Court finds that the circuit court correctly determined that the liens were valid consensual liens.[7]

[7]Although it does not help his cause, petitioner quibbles over the circuit court's designation of the liens as consensual liens, noting that the Morgan County Clerk characterized the liens as judgment liens when recording them. In a prior case involving the parties, this Court noted that "the manner in which the County Clerk recorded [a lien] or what the Clerk may have told Mr. DeBlasio" was irrelevant to a proceeding under Chapter 38, Article 16. *In Re: A Purported Lien or Claim Against Dilts*, 2013 WL 1707695 at *2 n. 4. Accordingly, we find that the circuit court properly rejected petitioner's invitation to instruct the clerk on how she was to file respondent

With regard to petitioner's motions for costs, West Virginia Code § 38-16-404 directs an award of costs to the movant if a lien is invalidated as nonconsensual. While petitioner argues that he is entitled to costs, the circuit court invalidated none of the liens—including the liens in in Nos. 13-P-33 and 13-P-34—as nonconsensual. The circuit court noted that the reason it invalidated the liens in in Nos. 13-P-33 and 13-P-34 was not because they were nonconsensual, but because "[respondent association] failed to timely demonstrate adequate authority for filing the notice of lien." The circuit court further explained that during the pendency of the motion for costs in Nos. 13-P-33 and 13-P-34, respondent association submitted the deeds proving the liens' validity and, "[w]hile this Court will not vacate its Order in 13-P-33 and 13-P-34, as the time for [respondent association]'s proof has [passed] and this Court's order was final, this Court cannot award Petitioner costs for the windfall he received [when the court invalidated those liens]." Because the circuit court invalidated none of the liens as nonconsensual, petitioner was never eligible to be awarded his costs.[8] Accordingly, this Court finds that the circuit court did not err in denying the motions for costs.

For the foregoing reasons, we find no error in the decisions of the Circuit Court of Morgan County and affirm both the circuit court's November 6, 2013, order and its November 22, 2013, order denying petitioner's motion to reconsider judgment.[9]

Affirmed.

---

association's liens in the county records.

[8] In addition, nothing petitioner submitted in his appendix contradicts the circuit court's alternate finding that because petitioner was granted indigency status, he had no court costs.

[9] Petitioner raises additional issues that can be summarily rejected. First, petitioner challenges whether respondent association has the authority to charge certain assessments and whether certain assessments are valid. We find that the doctrine of res judicata bars petitioner from re-raising these issues because they were decided in *DeBlasio*. *See* Syl. Pt, 1, *Antolini v. W. Va. Div. of Natural Res.*, 220 W.Va. 255, 647 S.E.2d 535 (2007) (setting forth the principles of res judicata). We further find that even if the doctrine of res judicata does not apply, as discussed above, Chapter 38, Article 16 does not permit petitioner to contest the validity of respondent association's underlying claims against him. *See* W.Va. Code §§ 38-16-402(g) and -403(g) (The circuit court's order should make "no finding as to any underlying claims of the parties involved."). Second, petitioner contends that the circuit court still has not ruled on his motions for costs in Nos. 11-P-29 and 11-P-34 which were the subject of petitioner's appeal in *In Re: A Purported Lien or Claim Against Dilts*. However, as Nos. 11-P-29 and 11-P-34 are not currently on appeal, we have no reason to address that issue.

**ISSUED:** August 29, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum

**NOT PARTICIPATING:**
Justice Allen H. Loughry II